MOORE, Judge.
P.S.R., the paternal grandmother of A.P.P. and Cy.L.P. (“the children”), appeals from a judgment of the Franklin Juvenile Court (“the juvenile court”) that dismissed the dependency petitions she had filed in the juvenile court relating to the children. We reverse.

Procedural History

On February 2, 2010, P.S.R. (“the grandmother”) filed an emergency petition for temporary custody in the Franklin Circuit Court (“the circuit court”) in case number DR-04-189.02, alleging:
“1. On or about August 27, 2008, this Honorable Court issued an order awarding custody of the minor children ... to the father, J.M.P., (‘the father’) during the school year. [C.L.P. (‘the mother’) ] was awarded custody during the summer months and at other various times, including holidays.
“2. There has been a material change in circumstances since the last order of the Court. The mother has failed and refused to exercise her visitation rights with the minor children and has not spoken or visited with the children in over two years. Her current whereabouts are unknown and she was last thought to be living in Gainesville, Florida. It is further alleged that the mother is addicted to drugs and has criminal charges pending against her in the State of Florida.
“8. The father ... died on January 29, 2010. At the time of his death, he maintained custody of the children and [the grandmother] assisted with the raising of the minor children.
“4. The children are enrolled in school at Phil Campbell and it would be in their best interest for custody to be awarded to the [grandmother]. The children are mourning the death of their father and it would be in their best interest and the least disruptive for them to remain in the care, custody and control of the [grandmother]. They have a very close relationship with the [grandmother] and are in a familiar setting surrounded by family and friends.
“WHEREFORE, the premises considered, [the grandmother] prays that this Honorable Court will enter a temporary order granting custody of the minor children to the [grandmother].”
On February 4, 2010, the circuit court awarded the grandmother pendente lite custody of the children. On May 24, 2010, C.L.P. (“the mother”) filed an answer to the grandmother’s petition. On July 7, 2010, the circuit court entered an order stating:
“The [mother] has made an oral motion to dismiss this petition based on the [grandmother’s] lack of standing to file a custody petition in this case. Upon consideration, it is hereby ordered that this case is dismissed. The [grandmother] must file a dependency petition and meet the burden of proof as set out by the Code of Alabama.”
On July 12, 2010, the grandmother filed in the circuit court a motion to reinstate the case based upon a settlement agreement reached between the parties. That agreement apparently provided that the grandmother should be allowed visitation with the children.
On July 14, 2010, before the circuit court could rule on the motion to reinstate, the grandmother filed two separate petitions in the juvenile court, alleging that the children were dependent and requesting that the juvenile court award the grandmother *919 the immediate custody of the children.[1] Specifically, the petitions stated:
“Comes now the [grandmother] ... and moves the court for an order granting pendente lite (immediate) emergency custody of the minor child described herein. As a basis for said motion, the undersigned shows unto the court as follows:
“1. This is a dependency proceeding pursuant to Alabama Code Sec. 12-15-101 et seq. The child is ‘dependent’ within the meaning of Alabama Code Sec. 12-15-102(8). This court has jurisdiction in this proceeding pursuant to Alabama Code Sec. 12-15-103 to hear this proceeding. [The grandmother] avers that the minor child is dependent and that the mother is not a fit and proper party to have the care, custody and control of said minor child.
[[Image here]]
“3. The father of said child was [J.M.P. (‘the father’) ]. On January 29, 2010, [the father] passed away.
“4. Previously, in 2005, [the father] and [the mother] were divorced in Franklin County, Alabama. In the original divorce, temporary custody of the minor child was vested in the maternal grandmother for a period of one year. At the end of one year, the [mother and the father] began sharing joint physical and legal custody of said child, alternating weeks of custody. An order incorporating these agreements is reflected in Franklin County Circuit Court cases, DR 04-189.00 and DR 04-189.01.
“In 2007, the [mother and the father] were to share custody on a week to week basis. However, shortly after said order was entered, the mother basically abandoned the child[ ] and left [her] with the father. For a period of three years, she had little or no contact with the child[ ] and did not exercise any custody rights. During this time, the child was with the father or with the paternal grandmother who exercised primary physical custody and care of the minor child.
“5. At the time of the father’s death, the whereabouts of the mother were difficult to ascertain and could not be found. The paternal grandmother filed a petition for custody in the domestic relations case and service by publication was had upon the mother. The mother did file an answer and contested the jurisdiction of the court in that the grandmother was not a party to the divorce. Said case was dismissed on July 7, 2010.
“6. [The grandmother] avers that the minor child is dependent and that the mother is not a fit and proper party to have the care, custody and control of said minor child. Specifically, the mother has not been supportive of the minor child, has had numerous criminal offenses since 2007 including, but not limited to assault, burglary, possession of narcotic equipment and bad check charges. These appear to have occurred for the most part in the state of Florida. The mother has consistently had a substance abuse problem which has not been treated and continues to impede her ability to properly parent the minor child.
“7. The [grandmother] avers that she has and will continue to provide a loving and nurturing home for the minor child[ ]. [The grandmother] is fully capable of continuing to exercise custody of the minor child and to provide her a loving [and] stable home environment, *920 something that the [grandmother] avers the mother cannot provide.
“8. The [grandmother] avers that after the issuance of the order on July 7, 2010, the mother has taken the child and left the jurisdiction of Alabama. It will be necessary that service, once again, be had upon the mother and that this court will need to set a hearing to require the mother to return the child to Alabama for disposition in this case.
“WHEREFORE, [the grandmother] prays as follows:
“(A) That this court will take jurisdiction of this matter, and upon consideration hereof will issue an oi'der directing that immediate temporary custody of the minor child be vested in the paternal grandmother ... and that visitation be had by the mother under such terms and conditions as the court deems appropriate;
“(B) That upon final hearing in this cause, that legal and physical custody will be vested in [the grandmother] who has been the custodial party for the minor child during the vast majority of her life;
“(C) That Your Honor will direct that such other orders as the court deems appropriate and in these premises [the grandmother] has shown herself to be entitled, including issues of child visitation and child support.”
Subsequently, on July 15, 2010, the circuit court entered an order granting the grandmother’s motion to reinstate case number DR-04-189.02 to the circuit court’s active docket. In that order, the circuit court adopted the visitation agreement of the parties and awarded the grandmother specified visitation with the children. The order did not address the grandmother’s prior custody petition that had been dismissed.
On July 30, 2010, the juvenile-court judge that was initially assigned to the dependency cases entered an order recus-ing herself from presiding over the cases; that order stated, in pertinent part, “that the [Juvenile] Judge would not be able to maintain objectivity in that the [grandmother was] represented by the law firm of the Judge’s spouse in [the] Circuit Court case over the same issues,” and the juvenile-court judge requested that “the Administrative Office of Courts arrange the appointment of another Judge to preside in this cause should the presiding Circuit Judge be unable to sit in this matter.” Although the juvenile court’s case-action-summary sheets do not reflect that the cases were transferred to another judge, on August 6, 2010, the circuit judge of Franklin County, the same judge that had presided over the circuit-court action, entered the following judgment in the dependency actions:
“The Court has reviewed the Petition[s] for Dependency in these cases. The Court is aware of the parties through case number DR-04-189.02. The petition[s] do[] not set the procedural history of DR-04-189 correctly.
“It is indeed true that the Court dismissed DR-04-189.02 on July 7, 2010. However, on July 12[sic], 2010, the Court granted a motion by [the grandmother’s] attorney to reinstate that case. Both parties stood before the Court on July 8, 2010, and had their attorney recite an agreement between the parties to allow [the grandmother] to have grandparent visitation. [The grandmother] stated affirmatively on the record that she wished the Court to accept this agreement. The Court granted the Motion to Reinstate so that a formal written agreement could be submitted to the Court evidencing this agreement.
“Both [dependency petitions] are dismissed on their face based on DR-04- *921 189.02 being an active case with an agreement being recited on the record. The dependency petitions do not allege anything has happened after the Court took the agreement on the record on July 8, 2010. Any further action must be conducted pursuant to DR-04-189.02.”
On August 18, 2010, the grandmother filed motions requesting that the circuit court “alter, vacate or amend its Order of August [6], 2010, and reinstate [the dependency cases] to the Juvenile Court docket for further disposition.”[2] As grounds for the motions, the grandmother asserted:
“1. That the [judgment] entered by the court is in error in that the Juvenile Court, rather than the Circuit Court, has jurisdiction over matters such as are alleged in the [dependency petitions] heretofore filed by the [grandmother].
“2. In support of said motion, [the grandmother] shows unto the court that the case of N.T. v. P.G. and J.M., 54 So.3d 918 [ (Ala.Civ.App.2010),] is dis-positive as is Beck v. Beck, 865 So.2d 446 (Ala.Civ.App.2003). In Beck, the court held that where grandparents attempted to intervene in a divorce action as parties in a custody action where no proceeding regarding custody was currently before the court, the trial court lack[ed] authority to consider the grandparents’ petition.
“3. The case presently pending before the court filed by the [grandmother] is analogous in that there was no petition or other action pending in DR-04-189.02. As such, [the circuit] court lacked jurisdiction, as it initially noted in the July 7, 2010, Order in DR-04-189.02. A court may not act where it does not otherwise have jurisdiction. As such, the [circuit] court’s order entered pursuant to the July 8, 2010, agreement on the record was done without appropriate jurisdiction.
“4. [The grandmother] asserts that any matter regarding the dependency and custody of the minor child in question must be made through the Juvenile Court of Franklin County, Alabama.”
The circuit-court judge entered an order on August 19, 2010, denying the grandmother’s postjudgment motions; she filed her notices of appeal to this court on August 27, 2010.

Discussion

On appeal, the grandmother argues that, pursuant to Ala.Code 1975, § 12-15-114(a), the juvenile court has original jurisdiction over dependency proceedings.
Section 12-15-114(a) provides, in part, that “[a] juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision.” In this case, the circuit court construed the original petition filed by the grandmother in case number DR-04-189.02 as a dependency petition. Although that petition did not expressly allege the dependency of the children, it did assert that the natural parents of the children had been awarded legal custody of the children, that the father had died, that the mother had abandoned the children, that the mother was addicted to drugs, that the mother had criminal charges pending against her, and that the custody of the children should be placed with the grandmother. Those allegations are sufficient to imply an allegation that the children were dependent. See Ex parte L.E.O., 61 So.3d 1042, 1047 (Ala.2010) (holding that a child is “in need of care or supervision” within the meaning of Ala.Code 1975, *922 § 12-15-102(8)a., when the child is not “receiving adequate care and supervision from those persons legally obligated to care for and/or to supervise the child ”). The circuit court thus properly recognized that it did not have jurisdiction over the dependency petition filed by the grandmother and properly dismissed that petition with instructions that the grandmother file her petition in the juvenile court.
Although the circuit-court judge stated in his August 16, 2010, judgment dismissing the juvenile-court cases that he had granted the motion to reinstate case number DR-04-189.02 on July 12, 2010, the record shows only that the motion to reinstate was filed on that date. The circuit court did not grant the motion to reinstate until July 15, 2010. By that time, the grandmother had already properly filed her dependency petitions in the juvenile court. Moreover, when the circuit court “reinstated” case number DR-04-189.02, it merely reopened the case to award the grandmother visitation rights.[3] The circuit court did not actually reinstate the dismissed dependency petition filed by the grandmother in case number DR-04-189.02. Even if it intended to reinstate that petition, it could not have done so because the circuit court still lacked subject-matter jurisdiction to adjudicate that petition, which subject matter lies exclusively within the province of the juvenile court.
Although a circuit court ordinarily retains continuing jurisdiction over the custody of a child, in the event a genuine dispute between a parent and a third party arises as to the dependency of the child, the juvenile court assumes exclusive jurisdiction to adjudicate that dispute. See C.D.S. v. K.S.S., 963 So.2d 125 (Ala.Civ.App.2007). The allegations made by the grandmother in the dependency petitions filed in the juvenile court present an issue as to the dependency of the children. That issue has not been resolved by any judgment entered in the circuit court, and it cannot be resolved in that court due to a lack of subject-matter jurisdiction. Hence, the circuit-court judge erred in dismissing the dependency cases on the ground that any further action on the petitions in those cases would have to take place in case number DR-04-189.02. Because the juvenile court properly has jurisdiction over the dependency petitions, those petitions can only be involuntarily dismissed upon the determination, after a hearing, that the children are not dependent. See Ala.Code 1975, § 12-15-310(b).
Based on the foregoing, we reverse the juvenile court’s judgment and remand these cases for the juvenile court to vacate its judgment dismissing the dependency petitions, to reinstate those petitions, and to conduct an evidentiary hearing on the grandmother’s dependency petitions.
2091118 — REVERSED AND REMANDED WITH INSTRUCTIONS.
2091119 — REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. A separate petition was filed with regard to each child; the petitions were identical, except that each petition referred to a different child.

. A separate motion was filed in each dependency case; the motions were identical.

. Because no one has appealed from the judgment awarding the grandmother visitation rights, we do not address whether the circuit court lacked subject-matter jurisdiction to enter that judgment under Beck v. Beck, 865 So.2d 446 (Ala.Civ.App.2003).