THOMPSON, Presiding Judge.
M.K. (“the maternal grandmother”) appeals from a judgment of the Tallapoosa Circuit Court (“the circuit court”) granting custody of Z.S.M. (“the child”) to AM. (“the father”).
The child was born to the father and AK, (“the mother”) on May 25, 2004. The father and the mother were never married. In 2005, the father’s paternity was adjudicated, and he was ordered to pay child support. Although the judgment establishing the father’s paternity and ordering him to pay child support is not in the record on appeal, we note that a juvenile court has original jurisdiction over actions to establish paternity and child support. See § 12-15-115(a)(6) and (7), Ala.Code 1975; and S.K. v. N.B., 160 So.3d 27, 29 *222 (Ala.Civ.App.2014). Furthermore, it is undisputed that the father’s paternity and child-support obligation were adjudicated in “case number CS-2005-000313.” Cases with a “CS” designation are juvenile-court actions. J.J. v. R.R., 159 So.3d 84, 33 (Ala.Civ.App.2014).
The mother died in October 2013. On November 4, 2013, shortly after the mother’s death, the maternal grandmother filed in the circuit court a petition for custody of the child and a motion for pendente lite custody of the child. The father filed in the circuit court an answer and a counterclaim in which he sought custody of the child. After a hearing, the circuit court entered a June 4, 2014, judgment, awarding custody to the father, and the maternal grandmother appealed.
On appeal, the maternal grandmother argues that the circuit court applied the wrong standard when determining custody. However, because we determine that the circuit court lacked jurisdiction over the maternal grandmother’s custody action, we cannot reach the merits of her appeal. This court must take notice of jurisdictional issues ex mem motu. Matthews v. City of Mobile, [Ms. 2130721, Dec. 5, 2014] — So.3d-,-(Ala.Civ.App. 2014). “ ‘ “[JJurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ ” Harley v. Anderson, 167 So.3d 355, 361 (Ala.Civ.App.2014) (quoting Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ. App.2010), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
In this case, the record on appeal indicates that the father’s paternity and child-support obligation were established in 2005 pursuant to a juvenile-court judgment. In determining the father’s child-support obligation, the juvenile court either explicitly or implicitly awarded custody of the child to the mother. See M.R.J. v. D.R.B., 17 So.3d 683, 685-86 (Ala.Civ.App.2009). As a result,,the maternal grandmother’s action in the circuit court was an action to modify a prior judgment of the juvenile court awarding custody of the child to the mother. Section 12-15-117(e), Ala.Code 1975, provides that, “[i]n any case over which the juvenile court has jurisdiction, the juvenile court shall retain jurisdiction over an individual of any age to enforce or modify any prior orders of the juvenile court unless otherwise provided by law....” Thus, the juvenile court maintained continuing jurisdiction over the child, and the juvenile court was the proper court in which to file an action seeking modification of that custody award.
Under the facts of this case, the circuit court did not have jurisdiction over a dispute concerning custody of the child at issue. “[B]ecause the [circuit] court never obtained jurisdiction over the issues presented to it, [its] judgment is void. Maclin v. Congo, 106 So.3d 405, 408 (Ala.Civ. App.2012). A void judgment will not support an appeal.... Id.” Matthews, — So.3d at-. Therefore, we dismiss the maternal grandmother’s appeal.
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.