PITTMAN, Judge.
Elizabeth Williams (“the mother”) appeals from a judgment of the St. Clair Circuit Court (“the trial court”) modifying an earlier custody order that had been entered by the St. Clair District Court (“the initial custody order”) in a paternity action. The initial custody order had incorporated an agreement between the mother and Larry Minor (“the father”) and had awarded primary physical custody of the parties’ minor child to the mother. In its judgment modifying "the initial custody order, the trial court awarded the father primary physical custody of the child.

Facts and Procedural History

The child was born to the mother and the father in July 2009. The mother and the father were living together at the time of the child’s birth, but they have never married. In January 2010, when the child was six months old, the mother and the child moved out of the parties’ home and began living with various Mends and family, including the mother’s parents.
In February 2013, the St. Clair District Court entered a judgment in a paternity action, which had been < initiated by the father, adjudicating the father to be the child’s biological parent. Pursuant to the parties’ agreement, the district court entered the initial custody order in September 2013, which order awarded the mother and the father joint legal custody of the child, awarded the mother primary physical custody, and directed the father to pay child support to the mother. In May 2014, the father filed a petition in the trial court asserting that there had been a material change in circumstances since the entry of the initial custody order, requesting the trial court to award the father sole legal and physical custody of the child, and requesting the trial court to direct the mother to provide child support.
An nonjury trial was held over a period of three days. After the trial, the trial court entered a judgment awarding the parties joint legal custody of the child, awarding the father primary physical custody, and directing the mother to pay child support. The trial court made slight modifications to its judgment, which are not pertinent here, and the mother timely appealed, arguing that the trial court erred in modifying the initial custody order and in awarding the father primary physical custody of the child.

Discussion

The mother and the father both acknowledge in their briefs on appeal that the initial custody order was entered by the St. Clair District Court in a paternity action. Although the parties do not represent that the paternity action was a juvenile-court proceeding, the record on appeal reveals that the paternity action was assigned a case number with a “CS” prefix.
Alabama precedent indicates that actions that have been assigned ease numbers with CS prefixes are considered to be juvenile-court cases. See, e.g., J.J. v. R.R., 159 So.3d 84, 85 (Ala.Civ.App.2014) (“This *678 court has recognized that ‘CS’ actions are juvenile-coúrt actions.... ”); and R.P.M. v. P.D.A., 112 So.3d 49, 51 (Ala.Civ.App. 2012) (“ ‘[A] case designated with a “CS” case number is considered a juvenile-court action, whether it is filed in a juvenile court or in a circuit court.’” (quoting C.W.S. v. C.M.P., 99 So.3d 864, 866 n. 1 (Ala.Civ.App.2012))).
Early in'the modification action, an order was entered finding that “the Petition to Modify is to modify a CS case order” and ordering that the modification action “is to be assigned to [District Court] Judge Minor for disposition”; Judge Minor apparently hears juvenile-court matters in St. Clair County. All the orders entered thereafter, however, identify Judge Minor as “acting circuit judge,” “circuit judge” or simply “júdge.” The case number and style in the modification action were never changed. Before the trial began, the trial court státed on the record that the father’s petition for modification was “a petition to modify a final order entered in case number CS-12-48,” i.e.; the paternity action, and asked if “everybody is okay with this proceeding in the DR "action on the CS case.” Both the mother and the father indicate in their appellate filings that the present appeal is from a circuit-court judgment.
In M.K. v. A.M., 176 So.3d 221 (Ala.Civ. App.2015), this court stated:
“In this case, the record on appeal indicates that the father’s paternity and child-support obligation were established in 2005 pursuant to a juvenile-court judgment. In determining the father’s child-support obligation, the juvenile court either explicitly or implicitly awarded custody of the child to the mother. See M.R.J. v. D.R.B., 17 So.3d 683, 685-86 (Ala.Civ.App.2009). As a result, the maternal grandmother’s action ⅛ the circuit court was an action to modify a prior judgment of the juvenile court awarding custody of the child to the mother. Section 12-15-117(c), Ala. Code 1975, provides that, ‘[i]n any case over which the juvenile court has jurisdiction, the juvenile court shall retain jurisdiction over an individual of any age to enforce or modify any prior orders of the juvenile court unless otherwise provided by law....’ Thus, the juvenile court maintained continuing jurisdiction over the child, and the juvenile court was the proper court in which to file an action seeking modification of that custody award.
“Under the facts of this case, the circuit court did not have jurisdiction over a dispute concerning custody of the child at issue.”
176 So.3d at 222.
It appears that the initial custody order sought to be modified was the product of a juvenile-court paternity proceeding and that the modification action, although reassigned to a judge who routinely sits as a juvenile-court judge, was never effectively transferred to the juvenile court for disposition. Pursuant to M.K, the trial court did not have subject-matter jurisdiction to modify the juvenile court’s initial custody order; thus, the judgment from which the mother has sought to appeal is void. “A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). That said, our supreme court has recently held that, under § 12-11-11, Ala.Code 1975, a court has an obligation to transfer a case outside its subject-matter jurisdiction to an appropriate court within the same county should such a court exist. See Ex parte E.S., [Ms. 1140889, Oct. 30, 2015] — *679 So.3d-(Ala.2015). In conformity with E.S., we direct the trial court, upon the issuance of this court’s certificate of judgment, to transfer the modification action to the St. Clair Juvenile Court for disposition.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.