PER CURIAM.
Kevin Moore ("the father") appeals from a judgment of the Domestic Relations Division of the Montgomery Circuit Court that dismissed his complaint seeking custody of K.S.M. ("the child"), a minor child born out of wedlock to Aisha J. Griffin ("the mother"). For the reasons stated herein, we vacate the judgment and remand the cause for transfer to the Montgomery Juvenile Court.
The record reflects that the child was born in 2007 and that, just after the child's birth, the father executed an affidavit of paternity and was identified on the child's birth certificate as the child's father. In July 2015, the State of Alabama, on behalf of the mother, brought an action in the Montgomery Juvenile Court seeking the collection of child support from the father ("the child-support action"); the child-support action was docketed as case no. CS-15-900425.[1] The complaint in the child-support action noted that the mother was the custodian of the child and had assigned her support rights to the State of Alabama. In September 2015, after a hearing at which, among other things, the father appeared pro se, a juvenile-court referee determined that the father had a duty to support the child and directed him to pay child support pursuant to Rule 32, Ala. R. Jud. Admin., which contains Alabama's child-support guidelines; those determinations were thereafter approved and confirmed by the juvenile-court judge.
In December 2015, the father filed a pleading in the Domestic Relations Division of the Montgomery Circuit Court seeking, among other things, custody of the child. The father averred that he had been adjudicated as the child's father in the child-support action, that the mother was in a current relationship with J.M., a man who had purportedly abused the mother and the children living at the mother's residence, that J.M. had fired a weapon at the mother and had been incarcerated because of that action, and that the father was in fear of the child's safety and welfare. The father's action was assigned case no. DR-15-901022 ("the custody action"). The mother initially filed an answer and a counterclaim for custody; however, in January 2017, she filed a motion to dismiss all claims in the custody action based upon an alleged lack of subject-matter jurisdiction and a failure on the part of the father to state a claim upon which relief could be granted, citing subsections (b)(1) and (b)(6) of Rule 12, Ala. R. Civ. P. The mother contended in her motion to dismiss that the judgment of the juvenile court in the child-support action amounted to a determination of the mother's custodial rights to the child; she cited M.R.J. v. D.R.B., 17 So.3d 683 (Ala. Civ. App. 2009), and T.B. v. C.D.L., 910 So.2d 794, 795 (Ala. Civ. App. 2005), in support of *1203 her contention. The father filed a response in opposition to the motion to dismiss, averring, among other things, that the line of cases relied upon by the mother was "judicially created law" that violated his parental rights and his right of due process to notice. After a hearing at which counsel for the parties presented arguments, the circuit court entered an order granting the mother's motion and dismissing the parties' claims in the custody action. The father timely appealed from that judgment.
To the extent that the circuit court's judgment is based upon Rule 12(b)(6), Ala. R. Civ. P., we cannot agree with the mother's position, which was apparently adopted by the circuit court, that the father's complaint was insufficient to state a valid claim. Even before the 1973 effective date of the Alabama Rules of Civil Procedure, our supreme court had held that "[n]icety in pleading" was not required in child-custody matters, see Brown v. Jenks, 247 Ala. 596, 597, 25 So.2d 439, 440 (1946), and the standard under those rules that has since prevailed, requiring only "a short and plain statement" of entitlement to relief ( Rule 8(a)(1), Ala. R. Civ. P.), is, if anything, more lenient. See Dockins v. Dockins, 475 So.2d 571, 572 (Ala. Civ. App. 1985) ("Any pleading which shows upon its face that the welfare of a [minor child] requires an order with respect to its custody or support is sufficient ...."). Here, the father alleged that the ongoing presence of the mother's paramour amounted to a threat to the mother and to the child that would warrant an award of the child's custody to the father; regardless of the substantive burden properly due to be applied by a court of competent jurisdiction to the father's custody claim, we cannot conclude that the father, under any provable set of facts or cognizable theories of law, would not be entitled to prevail. See generally Berryman v. Berryman, 816 So.2d 43, 45 (Ala. Civ. App. 2001) (discussing standard of review applicable to judgments of dismissal under Rule 12(b)(6) ).
However, despite our conclusion that the father stated a valid claim upon which relief might properly be granted, we are compelled to also conclude that, under the facts of this case, the custody action was properly challenged by the mother under Rule 12(b)(1), Ala. R. Civ. P., as being outside the circuit court's subject-matter jurisdiction. The facts of this case parallel those of Ex parte Washington, 176 So.3d 852 (Ala. Civ. App. 2015), in which the State prevailed in an action in juvenile court seeking child support from a father of a child born out of wedlock, after which that father filed a domestic-relations action in the circuit court seeking to " 'establish custody.' " 176 So.3d at 853. The father in Washington then sought mandamus review in this court of certain orders entered in the domestic-relations action; however, this court, ex mero motu, dismissed the petition as having sought review of void orders of the circuit court. 176 So.3d at 854. We reasoned:
"A juvenile court has original jurisdiction over actions to establish paternity. § 12-15-115(a)(6), Ala. Code 1975. Section 12-15-115(a)(7), Ala. Code 1975, provides that juvenile courts have original jurisdiction in '[p]roceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court previously has established parentage.' Our supreme court has held that an order requiring a man to pay child support is an implicit judicial determination of paternity. See Ex parte State ex rel. G.M.F., 623 So.2d 722, 723 (Ala. 1993) (holding that an order requiring a man to pay child support was an implicit 'judicial determination of paternity qualifying for res judicata finality'). Likewise, this court has determined that an *1204 award of support to one parent constitutes an implicit award of custody to that parent. See T.B. v. C.D.L., 910 So.2d 794, 796 (Ala. Civ. App. 2005) ; M.R.J. v. D.R.B., 17 So.3d 683, 686 (Ala. Civ. App. 2009).
"In this case, the limited materials submitted to us indicate that the juvenile court has previously entered a judgment ordering the father to pay child support to the mother; thus, the juvenile court has made implicit determinations as to paternity and custody .... Pursuant to § 12-15-117(c), Ala. Code 1975, the juvenile court 'shall retain jurisdiction over an individual of any age to enforce or modify any prior orders of the juvenile court unless otherwise provided by law....'
"Because the materials submitted to us indicate that the juvenile court has entered judgments regarding support and custody of the child, it 'shall retain jurisdiction' to modify those orders. Therefore, the juvenile court, not the circuit court, has jurisdiction over the father's petition for custody in this case. Id."
176 So.3d at 853-54.[2]
In this appeal, the father does not question the circuit court's interpretation of the T.B. line of cases as mandating dismissal of the custody action. Rather, among other things, he asks this court to overrule T.B.; asserts that implicit-custody-award precedents such as T.B. run afoul of various Alabama statutes and court rules; and complains that applying the implicit-custody-award precedents places him at a legal disadvantage in seeking custody because of the application of the material-promotion standard espoused by our appellate courts following Ex parte McLendon, 455 So.2d 863 (Ala. 1984). However, as the mother correctly notes in her brief, none of these issues was raised in the circuit court: the sole issues raised by the father in his response to the mother's motion to dismiss were that T.B. and its progeny violated his parental rights and his due-process right to notice. "[A]n appellate court may not reverse a judgment on a ground or argument not advanced before the trial court." Johnson v. Investment Co. of the South, 869 So.2d 1156, 1163 (Ala. Civ. App. 2003).
The record reflects that, in the child-support action, the complaint contained averments that placed the father on notice that the mother claimed to be the custodian of the child entitled to support and a prayer for relief that the father be directed to "pay an amount as determined by the Child Support Guidelines toward the support and maintenance of" the child as well as any retroactive support "for any period of time in which the [father] owed a legal duty of support and failed to pay." A Unified Judicial System notice (Form CS-2) was also sent to the father noting the pendency of the child-support action, specifically stating that a claim had been asserted that the father had "a legal duty to support" the child, informing the father that "THIS IS AN IMPORTANT LEGAL PROCEEDING" and that he should "NOT DISREGARD THESE PAPERS," and suggesting that the father should seek the advice of an attorney if he required assistance in responding to the complaint. (Capitalization in original.)
The judgment entered in the child-support action, which ratified and confirmed the findings and recommendations of the juvenile-court referee, indicates that *1205 the father was present at the final hearing along with the mother and a deputy district attorney to represent the interests of the State. The judgment further contains the juvenile court's determinations that the father had a duty of support as to the child; that the father should pay both prospective and retroactive child support "in compliance with" Rule 32, Ala. R. Jud. Admin.; that no deviations from those guidelines were warranted; and that a rehearing might be sought by "[a]ny party not satisfied with this decision." The juvenile court's references to the father's child-support obligation as having been determined in a manner consistent with the child-support guidelines, with no deviations therefrom, indicate that the father, despite the admonitions to him in the Form CS-2, did not take advantage of his opportunity in the child-support action to be heard on whether he was entitled, under Rule 32(A)(1)(a), Ala. R. Jud. Admin., to a downward deviation from the guidelines stemming from an alleged "shared physical custody" arrangement as to the child contrary to the averments of the complaint regarding the mother's custodial status. Procedural due process requires that one opportunity be afforded to present evidence and arguments as to a disputed issue, see C.E. v. M.G., 169 So.3d 1061, 1068 (Ala. Civ. App. 2015), and "[w]e will not reverse the judgment of the trial court because the [father] failed to take advantage of the notice and the opportunity to be heard that was provided to [him]." Edwards v. Edwards, 79 So.3d 629, 633 (Ala. Civ. App. 2010).
Having determined that the father's notice objections do not warrant reversal of the judgment of dismissal, we also reject the father's contention that the judgment of dismissal entered in the custody action violated his parental rights. At the time the juvenile court, in the child-support action, determined whether the father had a duty to support the child and whether the mother had a correlative right to receive support from the father, that court "settle[d] a dispute between persons with arguably equal constitutional rights using neutral factors," Gallant v. Gallant, 184 So.3d 387, 399 (Ala. Civ. App. 2014), and the interest of the State in providing a peaceful resolution of such controversies touching and concerning the relative rights of parents as to their children provides a sufficient justification for adhering to precedents setting forth the presumed legal effects of a judgment awarding support to a parent of a child. See id. Although it may be true, as counsel for the father insisted at the hearing on the mother's motion to dismiss, that, in general, "dads don't know their rights," it is not thereby incumbent on courts of this state to act in a manner inconsistent with precedents addressing the effect of a judgment entered in a child-support proceeding to reward obligor parents with a second bite at the apple-i.e., an opportunity to assert parental rights that were not previously asserted.
Based upon the facts and authorities set forth herein, the circuit court, although incorrectly determining that the father's complaint in the custody action failed to state a valid claim, nonetheless correctly concluded that the custody action fell outside its subject-matter jurisdiction. However, the sanction of dismissal imposed by that court is not consistent with recent appellate precedent interpreting Ala. Code 1975, § 12-11-11. See Williams v. Minor, 202 So.3d 676, 678-79 (Ala. Civ. App. 2016) (directing circuit court to transfer to juvenile court custody-modification action that should have been filed in juvenile court; citing Ex parte E.S., 205 So.3d 1245 (Ala. 2015), for proposition that, under § 12-11-11, "a court has an obligation to transfer a case outside its subject-matter jurisdiction to an appropriate court within the same county should such a court *1206 exist"). We therefore vacate the circuit court's judgment of dismissal and remand the cause for the circuit court to transfer the cause to the Montgomery Juvenile Court for disposition.
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.
Thomas, J., concurs in the result, without writing.

In Montgomery County, a child-support action docketed with a "CS" case number is a juvenile-court action, although it must, by local law, be assigned to a circuit-court judge of the domestic-relations division sitting as a juvenile-court judge. See M.R.J. v. D.R.B., 17 So.3d 683, 684 n.1 (Ala. Civ. App. 2009).

We note that, unlike the situation in Ex parte F.T.G., 199 So.3d 82 (Ala. Civ. App. 2015), the circuit court in this case had no independent basis, such as a divorce claim, for adjudicating custody matters and that the opposing party (here, the mother) timely objected to the circuit court's jurisdiction before the entry of a final judgment.