DONALDSON, Judge.
Nicole Hicks ("the mother") appeals from a judgment of the Barbour Circuit Court ("the circuit court") granting her and Arielious Davis ("the father") joint custody of K.D. ("the child"). The materials before us establish that the circuit court lacked subject-matter jurisdiction to enter the judgment. Therefore, we dismiss the appeal with instructions.
The record shows that, in 2013, the State of Alabama, on behalf of the mother, petitioned the Barbour Juvenile Court ("the juvenile court"), seeking to collect child support from the father; that action was docketed as case no. CS-13-14 ("the child-support action"). On May 6, 2013, after a hearing at which both the mother and the father were present, the juvenile court entered a judgment ordering the father to pay $246 per month in child support and retroactive child support of $430 per month. On March 16, 2017, the State of Alabama filed a motion in the child-support action seeking to redirect payments of child support to the mother after having received a handwritten request from the mother stating that she would like to "take [the father] off child support." The juvenile court granted the motion that same day. There is no indication that the May 6, 2013, judgment of the juvenile court was vacated.
In 2016, the father filed a petition for protection from abuse against the mother in the circuit court, which was docketed as case no. DR-16-45 ("the protection-from-abuse action"). The mother apparently filed a counterpetition for protection from abuse. On August 29, 2016, the circuit court entered an order granting both the mother's and the father's petitions.[1] At some point thereafter, the father filed a motion in the protection-from-abuse action *1287 asserting that the mother had violated the protection-from-abuse order. On October 13, 2016, the circuit court granted the father temporary custody of the child. On October 20, 2016, after a hearing, the circuit court entered an order in the protection-from-abuse action noting that it was withholding ruling on the father's motion until the disposition of the mother's pending criminal charges with the City of Eufaula. The circuit court further ordered that custody of the child would remain with the father pending further orders.
On October 17, 2016, the father filed a petition in the circuit court seeking custody of the child, which was docketed as case no. DR-16-58 ("the custody action"). In his petition, the father asserted, among other things, that the mother had placed the child in danger. The mother filed an answer denying the assertions in the father's petition. On March 30, 2017, after a hearing, the circuit court entered a pendente lite order in the custody action that, among other things, granted the mother unsupervised visitation with the child every other weekend. On July 18, 2017, the circuit court held a trial on the father's petition for custody.
On July 18, 2017, the circuit court entered a judgment in the custody action that, among other things, granted the mother and the father joint custody of the child with each party alternating weekly physical custody of the child. The circuit court also ordered that "[e]ach party shall continue to abide by the Protection from Abuse Orders" and that "[c]hild support shall remain in the jurisdiction of the [Juvenile] Court as previously determined as to monthly support and arrearages."
On July 24, 2017, the mother filed a motion seeking to alter, amend, or vacate the judgment. In her motion, the mother asserted that the circuit court should have applied the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala. 1984) ("the McLendon standard") in the custody determination because the father had previously been ordered to pay child support, which, she asserted, was an implicit order awarding physical custody to the mother. To her motion, the mother attached the May 6, 2013, judgment entered in the child-support action.
On July 31, 2017, the circuit court entered an order denying the mother's postjudgment motion and finding, in part:
"A final hearing was held in this matter on July 18, 2017. Testimony was taken from the parties and other interested witnesses. The mother was represented and the father was pro se. A ruling was issued in writing following said hearing.
"This Court marked and admitted as exhibits, the prior [Juvenile] Court child support orders relevant to the proceeding at hand. No objections were made. These orders were emailed and/or faxed by the [Juvenile] Court Clerk in charge of child support files, which have not been scanned into the e-file system because of personnel shortages and lack of funding.
"These same files and orders are available as public records to any party or attorney who wishes to review them prior to a hearing.
"Included in these orders was a pro se dismissal by the mother, Nic[ ]ole Hicks, of her child support case against the father, Arielious Davis. This was apparently not known by the attorney for [the mother]. As the officer of the Court, he would have been obligated to acknowledge this fact instead of arguing that the [Juvenile] Court orders created a higher burden for custody determination.
"However, even if [the standard set forth in *1288 Ex parte McLendon, 455 So.2d 863 (Ala. 1984),] applies, the outcome would be the same.
"The parties live in the same city. They have operated and shared custody and visitation successfully since filings. Each parent participated and is engaged with the child on a frequent basis.
"Joint legal and joint physical custody is the correct ruling in this matter. This Court's order of July 18, 2017, shall remain the same and in full force and effect."
On September 7, 2017, the mother timely filed her notice of appeal to this court.
On appeal, the mother argues that the circuit court erroneously applied the best-interest-of-the-child standard, rather than the McLendon standard, to the father's petition for custody. The mother further argues that the father failed to meet the McLendon standard in order to warrant a custody modification. The father did not file a brief on appeal.
We must first determine whether the circuit court had jurisdiction to enter the July 18, 2017, judgment, and, consequently, whether this court has jurisdiction to consider the appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). "A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment." Vann v. Cook, 989 So.2d 556, 559 (Ala. Civ. App. 2008) (citing Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, 274 (Ala. 2000) ). We asked the parties to submit letter briefs addressing whether the circuit court had jurisdiction to enter a custody order, in light of Moore v. Griffin, 256 So. 3d 1201 (Ala. Civ. App. 2018). The father did not respond to our request. The mother responded, asserting that the circuit court was without jurisdiction to modify or enter a custody order based on the juvenile court's previous adjudication of custody.
We recently considered a similar procedural and factual situation in Moore v. Griffin, in which we explained:
"The facts of this case parallel those of Ex parte Washington, 176 So.3d 852 (Ala. Civ. App. 2015), in which the State prevailed in an action in juvenile court seeking child support from a father of a child born out of wedlock, after which that father filed a domestic-relations action in the circuit court seeking to " 'establish custody.' " 176 So.3d at 853. The father in Washington then sought mandamus review in this court of certain orders entered in the domestic-relations action; however, this court, ex mero motu, dismissed the petition as having sought review of void orders of the circuit court. 176 So.3d at 854. We reasoned:
" 'A juvenile court has original jurisdiction over actions to establish paternity. § 12-15-115(a)(6), Ala. Code 1975. Section 12-15-115(a)(7), Ala. Code 1975, provides that juvenile courts have original jurisdiction in "[p]roceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court previously has established parentage." Our supreme court has held that an order requiring a man to pay child support is an implicit judicial determination of paternity. See Ex parte State ex rel. G.M.F., 623 So.2d 722, 723 (Ala. 1993) (holding that an order requiring a man to pay child support was an implicit "judicial determination of paternity qualifying for res judicata finality"). Likewise, this court has determined that an award of support to one parent constitutes *1289 an implicit award of custody to that parent. See T.B. v. C.D.L., 910 So.2d 794, 796 (Ala. Civ. App. 2005) ; M.R.J. v. D.R.B., 17 So.3d 683, 686 (Ala. Civ. App. 2009).
" 'In this case, the limited materials submitted to us indicate that the juvenile court has previously entered a judgment ordering the father to pay child support to the mother; thus, the juvenile court has made implicit determinations as to paternity and custody .... Pursuant to § 12-15-117(c), Ala. Code 1975, the juvenile court "shall retain jurisdiction over an individual of any age to enforce or modify any prior orders of the juvenile court unless otherwise provided by law...."
" 'Because the materials submitted to us indicate that the juvenile court has entered judgments regarding support and custody of the child, it "shall retain jurisdiction" to modify those orders. Therefore, the juvenile court, not the circuit court, has jurisdiction over the father's petition for custody in this case. Id. '
" 176 So.3d at 853-54."
256 So. 3d at 1203-04.
Similarly, in this case, the record establishes that the juvenile court entered a judgment in the child-support action in 2013, which implicitly determined paternity and custody of the child. Id. Regardless of whether the mother later sought to have the child-support payments redirected or terminated, the juvenile court exercised original jurisdiction over the child-support action and, thus, has original jurisdiction "to establish, modify, or enforce support, visitation, or custody." § 12-15-115(a)(7), Ala. Code 1975.
Because the circuit court lacked subject-matter jurisdiction in the custody action to enter the July 18, 2017, order addressing custody, that order is void. See Vann, 989 So.2d at 559 ("A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment."). Accordingly, we must dismiss the appeal with instructions for the circuit court to transfer the action to the juvenile court for disposition. See Williams v. Minor, 202 So.3d 676, 678-79 (Ala. Civ. App. 2016) (dismissing an appeal from a void judgment with instructions to circuit court to transfer the action to the juvenile court); see also Moore, 256 So. 3d at 1205 (citing § 12-11-11, Ala. Code 1975; Williams, 202 So.3d at 678-79 ; and Ex parte E.S., 205 So.3d 1245 (Ala. 2015) ).
APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

Neither the father's nor the mother's petitions are contained in the record.