THOMPSON, Judge.
R.H. (“the husband”) and J.H. (“the wife”) were divorced in 1984 in California. The California divorce judgment ordered the husband to pay $200 in child support for each of his three children, or a total monthly amount of $600 in child support. In 1985, the husband moved to Alabama; in December of that year, an action in California was filed pursuant to California’s revised version of the Uniform Reciprocal Enforcement Support Act (“URE-SA”) seeking to have support collected from the husband in Alabama. In December 1985, Alabama had not yet adopted the revised version of URESA. Therefore, California requested that an order for support be issued by the Alabama court as permitted under Alabama law and that any amounts collected under the Alabama order be remitted to California. The husband filed, in Alabama, a petition to modify his support obligation, based on claims of diminished earning capacity.
On September 4, 1986, in response to the URESA petition filed by the State of California and the husband’s petition to modify, the Circuit Court of Mobile County entered an order reducing the total amount of the husband’s child support to $82 per week. The Mobile Circuit Court order expressly provided that it did not supersede the previous order of support entered in California, but provided that payments made pursuant to the Alabama order would be credited against the child-support obligation pursuant to the California judgment. On the same date it entered the modified judgment, the Mobile Circuit Court entered an income-withholding order to collect the $82 weekly child support. That income-withholding order reflected a total arrearage of $5,602.81, but the order did not require any amounts to be withheld toward the satisfaction of that arrearage. On April 22, 1992, in response to a motion to modify filed by the wife, the Mobile Circuit Court increased R.H.’s total child-support obligation to $451.36 per month for the three children.
In April 1997, the State of California requested that the State of Alabama collect its child-support arrearage, and the State of Alabama filed a motion in the Court of Mobile County to determine the amount of the arrearage, to reduce that amount to a judgment, and to set an amount for the payment of that judgment. The husband filed a motion to modify,[1] *841 seeking a reduction of his child-support obligation based on the fact that only one child remained under the age of majority. In his motion, the husband also requested that the trial court modify the arrearage to credit him with amounts he had paid the wife directly during a period of reconciliation.
On April 21, 1998, the Mobile County Juvenile Court, Department of Investigation and Recovery (“I & R”), entered an order in which it assumed exclusive continuous jurisdiction pursuant to the Uniform Interstate Family Support Act. In its order, the court ordered temporary support in the amount of $255.17 as well as a payment of $187.35 toward any arrearage judgment. On July 29, 1998, the court referee in I & R ordered the State of California to provide an accounting of its support calculations and to address the question whether the wife acknowledged receiving direct payments. The State of California responded on October 30, 1998, with a detailed audit of arrearage calculations, credits, and an affidavit regarding payments received.
The referee for I & R held an evidentia-ry hearing on December 14, 1998, and, following the hearing, entered an order providing that it would give the husband credit for all times during which reconciliation was claimed, as well as for direct payments in the amount of $5,000 the husband testified that he had made to the wife. The referee gave the parties two weeks following its entry of the December 14, 1998, order in which to submit calculations of the arrearage, which the court would consider in issuing a final order on the amount of child-support arrearage owed by the husband. On December 28, 1998, the husband filed a notice of appeal to the Circuit Court of Mobile County from the nonfinal order of December 14, 1998. On January 4, 1999, the referee for I & R entered an order awarding the State of California $34,689.01, plus interest in the amount of $71,285.79, for a total judgment of $106,078.16. The judgment required the husband to pay $500 per month toward the judgment. The referee’s order was confirmed, pursuant to Ala.Code 1975, § 12 — 15—6(e), by Mobile Circuit Judge Braxton Kittrell, Jr., sitting as a judge in the juvenile court, on February 18, 1999. On March 4, 1999, the husband filed a second notice of appeal to the Mobile Circuit Court, from the February 18, 1999, judgment. On March 9, 1999, in the Mobile Circuit Court, the State of Alabama moved to consolidate the husband’s notice of appeal filed on December 28, 1998, with the notice of appeal he filed on March 4, 1998. In its motion, the state requested that the case be transferred to this court pursuant to Rule 28(d), Ala.R.Juv.P. The Mobile Circuit Court granted that motion.
On appeal, the husband contends that the circuit court erred in failing to review his claims de novo. From our review of the record, we conclude that a final judgment was never entered in this action that would support the husband’s appeal. The husband’s December 28, 1998, notice of appeal to the circuit court was filed from the December 14, 1998, nonfinal order. Although the trial court purported to the enter a final judgment on February 18, 1999, the December 28, 1998 notice of appeal filed by the husband had divested the trial court of jurisdiction to enter further orders in the action. The January 4, 1999, order entered by the referee and the trial court’s ratification of that order were both nullities. See Etheredge v. Genie Indus., Inc., 632 So.2d 1324 (Ala.1994). Although the husband, on March 4, 1999, filed a notice of appeal from the February 18, 1999, order and the circuit court purported to consolidate that notice of appeal with the notice of appeal filed earlier by the husband on December 28, 1998, and transfer those appeals to this court, the court *842 was without jurisdiction to do so. An appeal to this court may be taken only from a final judgment. Ala.Code 1975, § 12-22-2. This court must dismiss an appeal from a nonfinal judgment. Owens v. Owens, 739 So.2d 511 (Ala.Civ.App.1999).
Although we dismiss the appeal based on the fact that it was taken from a nonfinal order in the juvenile court, we also note that the circuit court erred in transferring the consolidated appeals to this court. The record reflects that the judgments appealed from were entered by the Investigation and Recovery Division of the Juvenile Court of Mobile County. Therefore the Alabama Rules of Juvenile Procedure govern appeals from judgments entered by that court. We note that the judgments which make the basis of this appeal do not comply with Rule 28(A)(1), Ala.R.Juv.P. Pursuant to Rule 28(A)(1), Alabama Rules of Juvenile Procedure, appeals from judgments entered in the juvenile court are reviewable by this court only if (a) the record has been “certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial court has been exercised or waived,” or (b) “[t]he parties stipulate that only questions of law are involved and the juvenile court certifies the questions.” Because the juvenile court did not certify the record as adequate and because no stipulation of facts, waiver of jury trial, or certification of questions of law is contained in the record pursuant to Rule 28(A)(1), Ala.R.Juv.P., the circuit court incorrectly transferred this matter to this court.
Because the juvenile court failed to enter a final order from which an appeal can be taken, this appeal is dismissed.
DISMISSED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs in the result.

. In his motion the husband alleged that the wife and the minor child who continued to *841 live with her had moved to Oregon. The record does not indicate when the wife moved from California to Oregon.