MOORE, Judge.
C.B. (“the father”) appeals from a judgment of the Tuscaloosa Juvenile Court (“the juvenile court”) in an action initiated by D.P.B. (“the mother”) that, among other things, ordered the father to pay unpaid medical expenses and postminority educational support for the parties’ child and attorney’s fees to the mother. We dismiss the father’s appeal.
On September 17, 2009, the mother filed a petition in the juvenile court requesting postminority educational support for the parties’ child; that the father be held in contempt for his failure to pay medical, dental, and optical expenses for the parties’ child; and that the father be ordered to pay the mother’s attorney’s fees. The father filed an answer to the mother’s petition on October 19, 2009. On September 9, 2010, the juvenile court entered an order stating that the parties had reached an agreement in regard to the issue of contempt for the father’s failure to pay past-due medical and orthodontic expenses and ordering the father to pay $2,174.75 to the mother within 60 days of the date of the hearing pursuant to that agreement.
On September 20, 2010, the father filed a motion to set aside the juvenile court’s September 9, 2010, order, asserting that the parties had not reached an agreement regarding the past-due medical and orthodontic expenses. The mother filed a response to the father’s motion on September 21, 2010.
On December 29, 2010, the juvenile court entered a final judgment setting aside its September 9, 2010, order. The juvenile court also ordered the father to pay the mother $4,612.75 for his portion of the child’s unpaid medical expenses, although it declined to find the father in contempt of court for his failure to pay those medical expenses. The juvenile court further ordered the father to “provide and pay for 50% of tuition, room and board, fees, and book expenses” for the undergraduate college education of the parties’ child, with certain limitations, and it determined that the father owed the mother $1,658.67 as his portion of postmi-nority educational expenses incurred by the parties’ child during the fall 2010 semester. Finally, the juvenile court ordered the father to pay $1,000 toward the mother’s attorney’s fees.
On January 21, 2011, the father filed a postjudgment motion; that motion was purportedly denied on January 24, 2011. The father filed his notice of appeal to this court on February 1, 2011.
Before addressing the issues raised by the father on appeal, we must first consider whether the father’s notice of appeal was timely filed.
“It is well settled that jurisdictional matters are of such significance that an appellate court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997); Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). ‘The timely filing of [a] notice of appeal is a jurisdictional *920 act.’ Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006) (‘an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived’).”
Kennedy v. Merriman, 963 So.2d 86, 87-88 (Ala.Civ.App.2007).
“Actions concerning child support are generally governed by the Alabama Rules of Juvenile Procedure.” H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278 (Ala.Civ.App.2009). In M.C. v. L.J.H., 868 So.2d 465 (Ala.Civ.App.2003), this court held:
“[The] Rule 60(b)[, Ala. R. Civ. P.,] motions were filed in the family court of Jefferson County and docketed with a ‘CS’ number, which indicates a juvenile-court child-support matter.... State ex rel. Provitt v. Coleman, 821 So.2d 1015, 1019 (Ala.Civ.App.2001). For this reason, this proceeding is governed by the Rules of Juvenile Procedure instead of the Rules of Civil Procedure. C.D.W. v. State ex rel. J.O.S., 852 So.2d 159 (Ala.Civ.App.2002); R.H. v. J.H., 778 So.2d 839 (Ala.Civ.App.2000).”
868 So.2d at 467.
Rule 1(B), Ala. R. Juv. P., requires that all postjudgment motions in a juvenile action be filed within 14 days after the entry of a judgment. Because the father’s postjudgment motion was filed on January 21, 2011, more than 14 days after the juvenile court’s December 29, 2010, judgment was entered, the father’s motion was untimely and did not toll the time for filing a notice of appeal. See T.G. v. Etowah County Dep’t of Human Res., 937 So.2d 523, 524 (Ala.Civ.App.2005). “A notice of appeal in a juvenile action must be filed within 14 days of the date of entry of the judgment or the denial of a [timely filed] postjudgment motion.” H.J.T. v. State ex rel. M.S.M., 34 So.3d at 1279. See also Rule 4(a)(1), Ala. R.App. P. The father filed his notice of appeal on February 1, 2011, more than 14 days after the entry of the juvenile court’s judgment; thus, the father’s appeal was untimely filed. “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala. R.App. P. We, therefore, dismiss the father’s appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.