THOMPSON, Presiding Judge.
On June 27, 2012, R.R. (“the father”) filed in the Calhoun District Court (“the district court”) a complaint seeking to modify a July 2010 judgment that had awarded J.J. (“the mother”) primary physical custody of the parties’ minor child; the father also sought an award of pendente lite custody of the child.[1] The July 2010 judgment is not contained in the record on appeal. On June 28, 2012, the district court entered an order granting the father pendente lite custody and suspending his child-support obligation. The mother answered, denied the material allegations of the father’s complaint, and moved for a hearing on the issue of pendente lite custody. After conducting a hearing, the district court entered an order setting aside its earlier award of pendente lite custody to the father and reinstating his child-support obligation.
The mother filed a counterclaim seeking to modify certain portions of the July 2010 judgment pertaining to visitation and seeking to have the father held in contempt for a failure to pay child support. The mother later moved to transfer the action to the Talladega Circuit Court, but the district court denied that motion.
On November 15, 2013, the district court entered a judgment in which it, among other things, granted the father’s request to modify custody and awarded him primary physical custody of the parties’ minor child. On December 13, 2013, the mother filed a purported postjudgment motion pursuant to Rule 59(e), Ala. R. Civ. P., and the district court entered an order purporting to deny that motion on January 13, 2014. The mother filed a notice of appeal to this court on February 14, 2014.
As an initial matter, we note that this court may take notice of jurisdictional issues ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997); Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). This action was designated as a “.02” action seeking modification of a judgment entered in a “CS” action. This court has recognized that “CS” actions are juvenile-court actions and are to be governed by the Rules of Juvenile Procedure. R.Z. v. S.W., 141 So.3d 1099, 1101 (Ala.Civ.App.2013); C.B. v. D.P.B., 80 So.3d 918, 920 (Ala.Civ.App.2011); see also R.P.M. v. P.D.A., 112 So.3d 49, 51 (Ala.Civ.App.2012) (“‘Moreover, a case designated with a “CS” case number is considered a juvenile-court action, whether it is filed in a juvenile court or in a [family division of a] circuit court. See H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278-79 (Ala.Civ.App.2009).’ ” (quoting C.W.S. v. C.M.P., 99 So.3d 864, 866 n. 1 (Ala.Civ.App.2012))). This court has explained:
“[The] Rule 60(b)[, Ala. R. Civ. P.,] motions were filed in the family court of *86 Jefferson County and docketed with a ‘CS’ number, which indicates a juvenile-court child-support matter.... State ex rel. Provitt v. Coleman, 821 So.2d 1015, 1019 (Ala.Civ.App.2001). For this reason, this proceeding is governed by the Rules of Juvenile Procedure instead of the Rules of Civil Procedure. C.D.W. v. State ex rel. J.O.S., 852 So.2d 159 (Ala. Civ.App.2002); R.H. v. J.H., 778 So.2d 839 (Ala.Civ.App.2000).”
M.C. v. L.J.H., 868 So.2d 465, 467 (Ala.Civ.App.2003).
The Rules of Juvenile Procedure require that a postjudgment motion be filed within 14 days of the entry of the judgment and provide that such a motion may remain pending only for 14 days. Rule 1(B), Ala. R. Juv. P. In this case, the mother filed her purported postjudgment motion well in excess of 14 days after the entry of the November 15, 2013, judgment, and, therefore, it did not operate to extend the time in which she could file a timely notice of appeal. C.B. v. D.P.B., supra. In the absence of a timely filed postjudgment motion, the mother’s notice of appeal was required to have been filed by November 29, 2013, i.e., within 14 days after the entry of the November 15, 2013, judgment. Rule 28(C), Ala. R. Juv. P.; Rule 4(a)(1), Ala. R.App. P. The mother’s appeal was filed well after that date, and, therefore, the appeal was not timely filed; accordingly, we must dismiss the appeal. Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ„ concur.

. Although each of the pleadings and motions filed and each of the orders entered in this action contains a style indicating that the document was filed in the "Circuit Court of Calhoun County,” the case-action summary contained in the record on appeal clearly indicates that the action was filed in the district court and that the district court entered all orders in this action. The dates of the filings and orders entered on the case-action summary are the same as those entered in the State Judicial Information System.