THOMPSON, Presiding Judge.
On March 6, 2015, W.L. and L.L. filed petitions in the Shelby Juvenile Court ("the juvenile court") seeking to terminate the parental rights of C.C.J. ("the father") and K.R. ("the mother") to their two minor children.[1] L.L., who has divorced W.L., withdrew or failed to prosecute her claims in the termination actions.
*665 The juvenile court conducted an ore tenus hearing over the course of two days. On March 3, 2016, the juvenile court entered orders in which it terminated the parental rights of the mother and the father and awarded permanent legal custody of the children to W.L. We note that the March 3, 2016, orders stated, in part, that the termination-of-parental-rights actions were "consolidated" with an adoption action W.L. had filed in the Shelby Probate Court ("the probate court") and that had been transferred to the juvenile court. In Hanner v. Metro Bank & Protective Life Insurance Co., 952 So.2d 1056, 1060-61 (Ala. 2006), our supreme court determined that, when cases are consolidated, no final judgment arises until all the claims to the consolidated actions have been adjudicated unless the trial court certifies its judgment as final under Rule 54(b), Ala. R. Civ. P. Accordingly, this court questioned, ex mero motu, whether the March 3, 2016, orders were final. See Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987) ("[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."). We note that no filings from the adoption action are contained in the record on appeal. The record indicates that the adoption action was "transferred" to the juvenile court, but, other than the reference in the March 3, 2016, orders and references by the parties to "consolidation," the record contains no indication that the actions were consolidated. Accordingly, this court remanded the actions to the juvenile court to notify this court of any order consolidating the termination-of-parental-rights actions with the adoption action that had been transferred from the probate court. On April 18, 2017, the juvenile court entered an order stating that it had not intended to consolidate the actions and that no order consolidating the actions had been entered. Therefore, the March 3, 2016, orders entered by the juvenile court in the termination-of-parental-rights actions were final judgments in the termination-of-parental-rights actions.
The mother filed a timely postjudgment motion on March 17, 2016. See Rule 4(a)(3), Ala. R. App. P. ("The filing of a post-judgment motion pursuant to [Rule 59] of the Alabama Rules of Civil Procedure ... shall suspend the running of the time for filing a notice of appeal."); Rule 1(B), Ala. R. Juv. P. (In juvenile actions, "[a]ll postjudgment motions ... must be filed within 14 days after entry of order or judgment and shall not remain pending for more than 14 days ...."); and F.G. v. State Dep't of Human Res., 988 So.2d 555, 557 (Ala. Civ. App. 2007) ("In a juvenile case, a postjudgment motion must be filed no later than 14 days after the entry of the judgment."). On March 29, 2016, the juvenile court entered an order, applicable to both termination-of-parental-rights actions, stating: "Motion to Alter, Amend, or Vacate filed by the mother is hereby specifically set for hearing on April 8, 2016, at 8:30 a.m." The juvenile court purported to enter a postjudgment order applicable to both termination-of-parental-rights actions on April 8, 2016. However, the juvenile court lacked jurisdiction to enter that order because the mother's March 17, 2016, postjudgment motion had been denied by operation of law on March 31, 2016, which was 14 days after that motion was filed. See Rule 59.1, Ala. R. Civ. P.; Rule 1(B), Ala. R. Juv. P. See also T.P. v. T.J.H., 10 So.3d 613, 614 (Ala. Civ. App. 2008) (the juvenile court lacked jurisdiction to rule on a postjudgment motion more than 14 days after that motion was filed). The mother had 14 days, or until Thursday, April 14, 2016, to timely appeal the March 31, 2016, denial by operation of law of her postjudgment motion. Rule 1(B), Ala. R. Juv. P.; J.S. v. State Dep't of Human Res., 597 So.2d 1376, 1377 (Ala. Civ. App. 1992).
*666 However, the mother filed her notice of appeal on April 15, 2016. The mother's notice of appeal was untimely and did not invoke the jurisdiction of this court, and, therefore, we must dismiss the appeals. J.S. v. State Dep't of Human Res., supra ; T.P. v. T.J.H., supra.
W.L.'s motion to strike the mother's amended brief on appeal is denied as moot.
APPEAL DISMISSED.
Pittman, J., concurs.
Thomas, J., concurs in the result, without writing.
Moore, J., dissents, with writing, which Donaldson, J., joins.

The father is not a party to this appeal.