THOMPSON, Presiding Judge.
On March 7, 2017, the Butler County Department of Human Resources ("DHR") filed in the Butler Juvenile Court ("the juvenile court") three petitions, each seeking to terminate the parental rights of P.H. ("the mother") and F.M., Jr. ("the father"), to one of their three minor children. The mother filed answers opposing DHR's petitions and asserted counterclaims in which she sought the return of custody of each of the three children. DHR moved for the entry of a default judgment against the father in each of the termination actions.
*884 The juvenile court scheduled a November 8, 2017, hearing. On that same date, the mother executed and filed in the juvenile court three documents consenting to the termination of her parental rights.
On November 17, 2017, the juvenile court entered judgments terminating the parents' parental rights. On November 28, 2017, the juvenile court entered "amended orders" in each action, again determining that the parents' parental rights were terminated. The only discernable difference between the November 17, 2017, judgments and the November 28, 2017, amended judgments is a change to reflect a different date on which those judgments were signed by the juvenile-court judge. The judgments entered on November 17, 2017, contain a handwritten notation indicating that those judgments were signed on November 13, 2017. The November 28, 2017, amended judgments indicate that those amended judgments were signed by the juvenile-court judge on November 8, 2017.
The record contains no indication of the reason the judgments were amended to change the date on which the juvenile-court judge signed the judgments. However, it is clear that the date on which the juvenile-court judge signed the judgments did not affect the substance of those judgments; therefore, the November 28, 2017, amended judgments appear to correct a clerical error. See Rule 60(a), Ala. R. Civ. P. ("Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."). "The effect of a Rule 60(a) amendment is a correction of the original judgment to reflect the original intention of the trial court. There was no change in the actual judgment. The amendment relates back to the original judgment and becomes a part of it." Bergen-Patterson, Inc. v. Naylor, 701 So.2d 826, 829 (Ala. Civ. App. 1997). "A Rule 60(a) correction has no bearing on the timeliness of an appeal from the original uncorrected judgment." J.S. v. S.W., 702 So.2d 169, 171 (Ala. Civ. App. 1997).
On December 8, 2017, the mother filed a single motion that was applicable to each case seeking to withdraw her consent to the termination of her parental rights and to set aside the November 28, 2017, "amended orders." That motion, which was made pursuant to Rule 59(e), Ala. R. Civ. P., was not timely filed within 14 days of the entry of the November 17, 2017, judgments. See Rule 1(B), Ala. R. Juv. P. ("All postjudgment motions ... must be filed within 14 days after entry of order or judgment and shall not remain pending for more than 14 days ...."). Thus, the December 8, 2017, motion did not operate to extend the time for appealing from the November 17, 2017, judgments. C.B. v. D.P.B., 80 So.3d 918, 920 (Ala. Civ. App. 2011).
The juvenile court purported to grant that December 8, 2017, motion and scheduled a "review docket/hear" for December 18, 2017. On December 28, 2017, the juvenile court purported to enter judgments in which it stated that DHR's actions had been "retried based on the granting of [the mother's] request to withdraw her consent to termination." In those judgments, the juvenile court again purported to grant DHR's petitions to terminate the parents' parental rights.
On December 29, 2017, the mother filed a motion that was applicable to each case, purportedly pursuant to Rule 59, Ala. R. Civ. P., and, on that same date, she filed three separate notices of appeal to this court. This court consolidated the appeals.
*885 We conclude that the mother's notices of appeal were untimely filed. In the absence of a timely filed postjudgment motion, the mother had 14 days following the entry of the November 17, 2017, judgments in which to timely appeal those judgments. J.J. v. R.R., 159 So.3d 84, 86 (Ala. Civ. App. 2014) ; K.Y.W. v. Jefferson Cty. Dep't of Human Res., 167 So.3d 368, 370 (Ala. Civ. App. 2014) ; see also Rule 4(a)(1)(E), Ala. R. App. P. (providing that a party has 14 days to appeal a judgment entered in a juvenile action). The mother's untimely December 8, 2017, postjudgment motion did not suspend the time for filing a notice of appeal, and, therefore, her notices of appeal, which were filed more than 14 days after the entry of the November 17, 2017, judgments, were untimely. F.G. v. State Dep't of Human Res., 988 So.2d 555, 557 (Ala. Civ. App. 2007). An untimely appeal does not invoke this court's jurisdiction; therefore, we must dismiss these appeals. K.Y.W. v. Jefferson Cty. Dep't of Human Res., supra ; and Rule 2(a)(1), Ala. R. App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").
2170380-APPEAL DISMISSED.
2170381-APPEAL DISMISSED.
2170382-APPEAL DISMISSED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.