REL:  February 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

————————————————

## 2210430, 2210431, and 2210432

————————————————

## D.D.

### v.

## Etowah County Department of Human Resources

### Appeals from Etowah Juvenile Court
### (JU-20-203.02, JU-20-204.02, and JU-20-205.02)

EDWARDS, Judge.

In August 2021, the Etowah County Department of Human Resources ("DHR") filed a petition in the Etowah Juvenile Court ("the juvenile court") seeking to terminate the parental rights of D.D. ("the

2210430, 2210431, and 2210432

mother") to I.M.D., B.H.E.D., and K.M.H. ("the children").[1] After a trial, the juvenile court entered a single judgment terminating the parental rights of the mother to the children. The mother filed a timely postjudgment motion in each termination-of-parental-rights action on January 13, 2022. DHR filed a response to the mother's postjudgment motions on January 24, 2022. On January 27, 2022, 14 days after the filing of the mother's postjudgment motions, the State Judicial Information System case-action-summary sheet reflects that the juvenile court entered an order setting a hearing on the mother's postjudgment motions to be held on February 24, 2022. At that hearing, counsel for DHR objected to the juvenile court's conducting the hearing on the ground that the juvenile court had lost jurisdiction to rule on the mother's postjudgment motions. The juvenile court agreed and entered an order in each underlying action on February 24, 2022, stating that it lacked

_____

[1]The petition contained three separate case numbers -- JU-20-203.02, JU-20-204.02, and JU-20-205.02 -- and, in addition to seeking termination of the mother's parental rights, also sought to terminate the parental rights of M.H., the father of K.M.H.

2

2210430, 2210431, and 2210432

jurisdiction to consider the mother's postjudgment motions. The mother filed notices of appeal on that same day. We dismiss the appeals.

This court called for letter briefs on the timeliness of the mother's appeals. The mother argued that the appeals were timely because the juvenile court's January 27, 2022, orders setting the February 24, 2022, hearing were, she said, an implicit, but effective, extension of the time to rule on the postjudgment motions for an additional 14-day period under Rule 1(B)(1), Ala. R. Juv. P. Thus, she contended, the juvenile court lost jurisdiction to rule on the postjudgment motions on February 10, 2022, 14 days after the entry of the January 27, 2022, order, and her notices of appeal, which were filed on February 24, 2022, were timely filed within 14 days of the denial of her postjudgment motions by operation of law. See Rule 1(B), Ala. R. Juv. P. (providing that a postjudgment motion is denied by operation of law if the juvenile court does not render an order on that motion within 14 days or within a proper extension of that 14-day period); Rule 28, Ala. R. Juv. P. (providing that a party must appeal from a judgment entered by a juvenile court within 14 days after the

3

2210430, 2210431, and 2210432

entry of the judgment).   As legal authority for her position, the mother

relied on K.T. v. B.C., 232 So. 3d 897, 898-99 (Ala. Civ. App. 2017).

In K.T., this court considered appeals from judgments entered by

the Lee Juvenile Court on November 1, 2016, declaring the children of

K.T. to be dependent.  232 So. 3d at 898.  On November 23, 2016, the Lee

Juvenile Court, acting on postjudgment motions filed by K.T., entered

orders on those motions

"providing that the postjudgment motions were 'granted in
part' and further providing:

"'The [November 1, 2016, judgment] is hereby set
aside as a final Order, but the terms thereof
remain in place, pendente lite, to determine issues
of service related to the mother's unique status as
a minor herself.'"

232 So. 3d at 898.  The Lee Juvenile Court did not set a hearing on the

service issue in that order or at any time within the initial 14-day period

that the Lee Juvenile Court had to rule on the postjudgment motions

under Rule 1(B).  Id.  This court indicated that the orders entered by the

4

2210430, 2210431, and 2210432

Lee Juvenile Court had not definitively ruled on the postjudgment

motions.[2]  Id.  This court then explained that

> "[i]n substance, the [Lee] [J]uvenile [C]ourt entered written
> orders extending the time to rule on the service issue raised
> in the mother's postjudgment motions, which was allowable.
> However, the juvenile court purported to retain jurisdiction to
> address the issue beyond the '14 additional days' allowed by
> Rule 1(B)(1), [Ala. R. Juv. P.,] which it could not do."

---

[2]Judge Donaldson concurred in the result, stating:

> "I agree that in some cases an order that purports to
> 'grant' a postjudgment motion but that actually only sets a
> hearing on the motion is ineffective. Smith v. Smith, 4 So. 3d
> 1178, 1181 (Ala. Civ. App. 2008). The first sentence of the
> November 23, 2016, orders purporting to grant the
> postjudgment motions 'in part' is confusing. See Venturi v.
> Venturi, [233] So. 3d [982, 984] (Ala. Civ. App. 2016)
> (Donaldson, J., concurring specially) (observing the confusion
> that might result from the automatically generated language
> used in the electronic-filing system provided to the trial
> courts). Despite the first sentence, however, I read the
> remaining portions of the November 23, 2016, orders as
> specifically vacating the final judgments by setting them
> aside."

K.T., 232 So. 3d at 901 (Donaldson, J., concurring in the result).  Judge
Donaldson stated that he would dismiss the appeals as having been taken
from nonappealable, nonfinal pendente lite orders entered by the Lee
Juvenile Court.  Id.

5

2210430, 2210431, and 2210432

232 So. 3d at 899. Although it seems apparent that the Lee Juvenile Court was not granting itself a 14-day extension to rule on the postjudgment motions under Rule 1(B)(1) because the order did not set a hearing on the motions to be held at any point, much less within the 14-day extension period, this court treated the November 23, 2016, order as implicitly, if incorrectly, exercising that authority. Because the mother in K.T. had filed notices of appeal on December 7, 2016, within 14 days of the entry of the Lee Juvenile Court's postjudgment orders setting aside the judgments, this court concluded that those notices of appeals quickened on December 12, 2016, 14 days after the Lee Juvenile Court entered the postjudgment orders "implicitly" extending the time for ruling on the postjudgment motions; essentially, this court limited the "implicit" extension to the permitted additional 14-day period so that the "implicit" extension would fall within the juvenile court's authority under Rule 1(B)(1). Id.

Just eight weeks later, this court decided K.R. v. W.L., 238 So. 3d 664, 665-66 (Ala. Civ. App. 2017) (authored by Thompson, P.J., with Pittman, J., concurring and Thomas, J., concurring in the result). In

6

2210430, 2210431, and 2210432

K.R., this court concluded that a parent's March 17, 2016, postjudgment motion directed to a termination-of-parental-rights judgment had been denied by operation of law 14 days after its filing despite the fact that the Shelby Juvenile Court had entered an order on March 29, 2016, setting a hearing on the postjudgment motion for April 8, 2016, a date within the additional 14-day period that the Shelby Juvenile Court could have extended the time to rule on the postjudgment motion under Rule 1(B)(1). K.R., 238 So. 3d at 665. Judge Moore authored a dissent echoing the holding in K.T. Id. at 666 (Moore, J., dissenting). In that dissent, Judge Moore explained that "[t]he juvenile court is presumed to know and apply the law." Id. at 667. According to Judge Moore, "interpret[ing] the [March 29, 2016,] written order as scheduling a hearing after the juvenile court lost jurisdiction … would [amount to this court's] presuming that the juvenile court either was ignorant of Rule 1(B)(1) or that it intentionally acted in contravention of the law." Id. Thus, he said, he would conclude that "a written order scheduling a hearing within the additional 14-day period provided by Rule 1(B)(1) should be considered

7

2210430, 2210431, and 2210432

as extending the time in which the postjudgment motion can remain pending unless the context of the order clearly indicates otherwise." Id.

More recently, in S.C. v. Lauderdale County Department of Human Resources, [Ms. 2210267, Aug. 5, 2022] ___ So. 3d ___ (Ala. Civ. App. 2022), this court dismissed two appeals because the parent had not filed notices of appeal within 14 days after that parent's postjudgment motions were denied by operation of law. The parent filed the postjudgment motions on September 1, 2021. S.C., ___ So. 3d at ___. The Lauderdale Juvenile Court entered orders on September 8, 2021, setting the postjudgment motions for a hearing to be held on September 23, 2021. Id. at ___. At the September 23, 2021, hearing, the Lauderdale County Department of Human Resources ("the Lauderdale County DHR") argued to the Lauderdale Juvenile Court that it had lost jurisdiction to rule on the postjudgment motions because the court had not entered an order specifically extending the time to rule on those motions pursuant to Rule 1(B)(1). Id. at ___. The Lauderdale Juvenile Court admitted on the record that the Lauderdale County DHR's position was correct, and, thus, the Lauderdale Juvenile Court entered orders on September 24,

8

2021, stating, in pertinent part, that "'the time for the hearing is extended to Thursday, [September] 22 [sic], 2021, and this order shall relate back to the date the motion (Doc 169) was filed.'" Id. at ___. The parent filed notices of appeal on October 7, 2021, more than three weeks beyond the 14th day following the denial of the postjudgment motions by operation of law on September 15, 2021. Id. at ___. This court did not discuss whether the September 8, 2021, orders setting the hearing for September 23, 2021, could have been an implicit extension of the time to rule on the postjudgment motions.

Rule 1(B) provides, in pertinent part:

"All postjudgment motions, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within 14 days after entry of order or judgment and shall not remain pending for more than 14 days, unless, within that time, the period during which a postjudgment motion may remain pending is extended:

"(1) By written order of the juvenile court on its own motion, or upon motion of a party for good cause shown, for not more than 14 additional days; or

"(2) By the appellate court to which an appeal of the judgment would lie.

9

2210430, 2210431, and 2210432

> "The period during which a postjudgment motion may remain pending may not be extended by consent of the parties.
>
> "A failure by the juvenile court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."

Rule 1(B)(1) is quite simple -- to extend the time for ruling on a pending postjudgment motion, a juvenile court must enter a written order doing so. The rule allows for an extension of the time for ruling on a postjudgment motion for up to an additional 14 days, and it presupposes that the written order will specify the additional number of days that the period is extended, which can be less than the entire 14-day extension period permitted under the rule. Although we acknowledge that the rule does not contain the word "express" or "expressly," we cannot see how an order of a juvenile court can effectuate an extension of the time to rule on a postjudgment motion without mentioning the rule itself or how long the extension will be. We cannot agree that this court should construe an order setting a hearing for a date outside the initial 14-day period for ruling on a postjudgment motion but

10

within the permitted additional 14-day period for an extension as a written order extending the time for ruling on the motion. Doing so makes the extension "accidental," at best. At worst, it renders what should be a thoughtful decision to extend the 14-day period to rule on the postjudgment motion merely an automatic result of scheduling a "late" hearing. Thus, construing an order setting an untimely postjudgment hearing as an order extending the time for ruling on a postjudgment motion does not, in any way, comport with the purpose of the rule, which is to ensure that a postjudgment motion is ruled upon, in most cases, within 14 days.

We note that we would be even more reluctant to construe an order scheduling a hearing for a date outside the additional 14-day period permitted under Rule 1(B)(1) to effectuate an extension of the period for only the additional 14 days allowed under the rule. That is, we cannot presume that a juvenile court knows the law, see K.R., 238 So. 3d at 667 (Moore, J., dissenting), and then logically conclude that if it sets a hearing for more than 28 days after the filing of the postjudgment motion, that juvenile court was exercising its discretion under Rule 1(B)(1). Any

11

juvenile court setting a hearing for more than 28 days after the filing of a postjudgment motion is not exercising discretion to extend the time for ruling on that motion; that court is mistaken about the period during which it retains jurisdiction over postjudgment motions.

We also reject the idea that construing Rule 1(B)(1) to require an express statement of intent to extend the time for ruling on a postjudgment motion is a trap for the unwary.[3]  Construing Rule 1(B)(1) to require a written order and also to require specific information -- the intent to grant an extension and the length of that extension -- is not a hyper-technical construction of Rule 1(B)(1) and does not make application of the rule "a trap for the unwary."  The construction of Rule

---

[3]To the contrary, construing any order setting a hearing for a date within the additional 14-day period that a juvenile court may grant itself under Rule 1(B)(1) as an implicit extension under the rule may result in quite a trap for the unwary if the juvenile court does not issue a decision on the postjudgment motion on the same day as the hearing, especially when a juvenile court sets a hearing within the additional 14-day period but before the final day of that additional 14-day period.  In such a case, the implicit extension would necessarily expire on the date of the hearing, even if the additional 14-day period is not yet set to expire, and any ruling rendered after the date of the hearing would be too late to fall within the extension.

2210430, 2210431, and 2210432

1(B)(1) to permit implicit extensions of time excuses the lack of knowledge of the rule and would undercut the intent of the rule.

Because the January 27, 2022, order setting a hearing on the mother's postjudgment motion did not effectuate an extension of the 14-day period for ruling on that motion, and because, as a result, the mother's notices of appeal were untimely filed more than 14 days after the denial of those motions by operation of law on January 27, 2022, we dismiss the mother's appeals.

2210430 -- APPEAL DISMISSED.

2210431 -- APPEAL DISMISSED.

2210432 -- APPEAL DISMISSED.

Thompson, P.J., and Fridy, J., concur.

Hanson, J., dissents, with opinion, which Moore, J., joins.

2210430, 2210431, and 2210432

HANSON, Judge, dissenting.

I believe that the appeals were timely; therefore, I respectfully dissent to dismissing the appeals. In my opinion, the order of the Etowah Juvenile Court ("the juvenile court") dated January 27, 2022, setting the postjudgment motion filed by D.D. ("the mother") for a hearing, extended the time within which the postjudgment motion could remain pending. Although the juvenile court purported to extend the time that the postjudgment motion could have remained pending to a time outside of the 14-day time limit of Rule 1(B)(1), Ala. R. Juv. P., the written order of the juvenile court did extend the time for the motion to remain pending as permitted by that rule.

In this case, the juvenile court entered final judgments terminating the parental rights of the mother on December 30, 2021. On January 13, 2022, the mother timely filed a postjudgment motion in the actions. See Rule 1(B), Ala. R. Juv. P. ("All postjudgment motions, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within 14 days after entry of order or judgment …."). The mother's timely-filed postjudgment motion tolled the

14

2210430, 2210431, and 2210432

time for filing an appeal. See C.B. v. D.P.B., 80 So. 3d 918, 920 (Ala. Civ. App. 2011)(relying on well-settled law that a timely filed postjudgment motion tolls the time for filing a notice of appeal). On January 27, 2022, the juvenile court entered an order setting a hearing on the postjudgment motion for February 24, 2022. The comment accompanying the 2011 amendment to Rule 1(B)(1) recognized that the 14-day time limit to rule on a postjudgment motion is sometimes insufficient to address the issues raised by such motions. While a juvenile court may extend the time for a timely filed postjudgment motion to remain pending, Rule 1(B) does not allow an extension of more than 14 days. Accordingly, the mother's postjudgment motion was deemed denied by operation of law on February 10, 2022. The mother timely filed her notice of appeal on February 24, 2022. See H.J.T. v. State ex rel. M.S.M., 34 So. 3d 1276, 1279 (Ala. Civ. App. 2009)("A notice of appeal in a juvenile action must be filed within 14 days of the date of entry of the judgment or the denial of a [timely filed] postjudgment motion."); see also Rule 4(a)(1), Ala. R. App. P.

In K.R. v. W.L., 238 So. 3d 664 (Ala. Civ. App. 2017) (authored by Thompson, P.J., with Pittman, J., concurring and Thomas, J., concurring

15

2210430, 2210431, and 2210432

in the result)., the juvenile court entered final judgments terminating the parental rights of the mother on March 3, 2016.  On March 17, 2016, the mother timely filed a postjudgment motion in the actions.  On March 29, 2016, the juvenile court entered an order setting the postjudgment motion for a hearing on April 8, 2016.  Following the hearing, the juvenile court entered an order purporting to grant the motion in part and deny it in part.  On April 15, 2016, the mother filed a notice of appeal.  This court dismissed the appeal as untimely because the juvenile court's order did not expressly extend the time for the mother's postjudgment motion to remain pending under Rule 1(B)(1).

In his dissent to the main opinion in K.R. v. W.L., Judge Moore explained why Rule 1(B), Ala. R. Juv. P., should be liberally construed:

"In these cases, the juvenile court entered a written order within the 14-day period in which the mother's postjudgment motion could remain pending, but the written order stated only that the hearing on the postjudgment motion would take place after the initial 14-day period had expired. The written order did not specifically provide that the juvenile court intended to extend the time that the postjudgment motion could remain pending.

"Rule 1(B)(2) and (3), Ala. R. Juv. P., follows Rule 59.1, Ala. R. Civ. P., which allows the parties and the appellate court to extend the time in which a postjudgment motion may

16

remain pending. In regard to an agreement of the parties to extend the time that a postjudgment motion may remain pending, the appellate courts of this state have consistently held that an agreement by the parties to continue a <u>hearing</u> on a postjudgment motion does not equate to an agreement to extend the time a postjudgment motion can remain pending under Rule 59.1, Ala. R. Civ. P. <u>See</u> <u>Ex parte Bolen</u>, 915 So. 2d 565, 569 (Ala. 2005) (explaining that Rule 59.1 has been construed consistently since at least 1979). However, I cannot locate any cases construing Rule 1(B)(1), Ala. R. Juv. P., in the same manner.

"In <u>K.T. v. B.C.</u>, 232 So. 3d 897 (Ala. Civ. App. 2017), this court held that a juvenile court can, by written order, extend the time for ruling on a postjudgment motion by entering a written order granting itself additional time to rule on the merits of the motion and by scheduling a subsequent hearing for that purpose, so long as the ruling on the motion takes place within the additional 14-day period provided by Rule 1(B)(1). In these cases, the juvenile court, in substance, scheduled a hearing within the additional 14-day period allowed in Rule 1(B)(1) in order to determine the merits of the mother's postjudgment motion. The juvenile court's order communicated that it was extending the time to rule on the postjudgment motion. Although the juvenile court did not expressly state as much, its order clearly implied that it was planning to hear arguments regarding the postjudgment motion and to rule upon the motion following those arguments, which it did, after the postjudgment motion otherwise would have been denied by operation of law. The juvenile court is presumed to know and apply the law. <u>See</u> <u>Ex parte Slaton</u>, 680 So. 2d 909 (Ala. 1996). If we were to interpret the written order as scheduling a hearing after the juvenile court lost jurisdiction, we would be presuming that the juvenile court either was ignorant of Rule 1(B)(1) or that it intentionally acted in contravention of the law.

"Furthermore, in a Rule 59.1 situation, the parties must place on the record their agreement to extend the time that a postjudgment motion can remain pending. The contents of that agreement are wholly within the power of the parties. In a Rule 1(B)(1) situation, the parties have no control over the content of the written order issued by the juvenile court. Presumably, a party could seek clarification of such an order, but the party does not have any input into its original wording. Given those circumstances, the rule should be liberally construed in a manner different from the manner in which Rule 59.1 has been construed so that a written order scheduling a hearing within the additional 14-day period provided by Rule 1(B)(1) should be considered as extending the time in which the postjudgment motion can remain pending unless the context of the order clearly indicates otherwise.

"Finally, the Alabama Rules of Civil Procedure and the Alabama Rules of Juvenile Procedure should be not be construed in such a manner that it creates a trap for an unwary attorney. Kissic v. Liberty Nat'l Life Ins. Co., 641 So. 2d 250, 252 (Ala. 1994). The manner in which the appellate courts have construed Rule 59.1 has certainly ensnared many an appellant who, in reliance on an agreement to extend the time for a hearing on a postjudgment motion, has failed to timely file a notice of appeal, leading many supreme court justices and judges of this court to question the justness of that construction. See Harrison v. Alabama Power Co., 371 So. 2d 19, 21 (Ala. 1979) (Maddox, J., dissenting); State v. Redtop Mkt., Inc., 937 So. 2d 1013, 1015-17 (Ala. 2006) (in which Nabers, C.J., and Stuart and Bolin, JJ., all expressed that the overly technical construction of Rule 59.1 should be overruled); Traylor v. Traylor, 976 So. 2d 447, 450 (Ala. Civ. App. 2007) (Bryan, J., concurring in result, joined by Thomas, J., stating that an agreement to extend the time to hold a hearing should be considered an agreement to extend the time

18

2210430, 2210431, and 2210432

that a postjudgment motion can remain pending). I believe that, in a proper setting, the supreme court would overrule the line of cases that have construed Rule 59.1 so strictly. Therefore, in my opinion, this court should not construe Rule 1(B)(1) in the narrow manner that has led to so many unjust results under Rule 59.1 and I believe that would likely be overruled by the supreme court on certiorari review in light of its experience with Rule 59.1.

"Construing Rule 1(B)(1) correctly, the juvenile court in this case properly extended the time for ruling on the postjudgment motion so that it was not denied by operation of law on March 31, 2016, as the main opinion concludes. 238 So. 3d at 665. The juvenile court entered a valid order on April 8, 2016, within the extended 14-day period afforded by Rule 1(B)(1). That order concluded the proceedings. The mother filed her notice of appeal on April 15, 2016, less than 14 days later. See Rule 28(C), Ala. R. Juv. P. ('Written notice of appeal shall be filed within 14 days of the date of the entry of order or judgment appealed from, whether the appeal is to an appellate court or to the circuit court for trial de novo.')."

K.R. v. W.L., 238 So. 3d at 666-68 (footnote omitted).

As Judge Moore noted in his dissenting opinion in K.R. v. W.L., our supreme court has recognized the unfairness of strictly construing orders extending the time within which a postjudgment motion may remain pending. In 2020, the supreme court amended Rule 59.1, Ala. R. Civ. P., to provide that consent to extend the time for a hearing on a postjudgment motion beyond the 90 days includes consent to extend the

19

2210430, 2210431, and 2210432

time for the trial court to rule on and dispose of the postjudgment motion.

As explained in the committee comments to Rule 59.1 that concern that

amendment:

> "This amendment adds the following sentence to Rule 59.1: 'Consent to extend the time for a hearing on the postjudgment motion beyond the 90 days is deemed to include consent to extend the time for the trial court to rule on and dispose of the postjudgment motion.' In Ex parte Bodenhamer, 904 So. 2d 294 (Ala. 2004), the Supreme Court held that Rule 59.1 did not permit the parties' consent to extend the hearing on the postjudgment motion to a date beyond the 90th day to operate to also extend the trial court's time to rule on or dispose of the postjudgment motion. After the adoption of this amendment, a consent that consents only to extend the hearing date beyond the 90th day will operate to extend the time for the trial court to rule on or dispose of the postjudgment motion."

Committee Comments to Amendment to Rule 59.1 Effective October 1,

2020.

In 2020, the supreme court also amended Rule 1(B), Ala. R. Juv. P.,

to delete the parties' ability to consent to an extension; the committee

comment concerning that amendment provides:

> "The language in the prior subsection (B)(2) of Rule 1, allowing the time during which a postjudgment motion may remain pending to be extended by the consent of the parties, was deleted, and the first sentence following the renumbered subsection (B)(2) was added to remove any option for

20

> extending, by agreement of the parties, the period during which a postjudgment motion may remain pending before being deemed denied. Thus, the relief available to parties under Rule 59.1, Alabama Rules of Civil Procedure, is not available under the Rules of Juvenile Procedure."

Comment to Amendment to Rule 1(B) Effective April 1, 2020.

While the parties in a juvenile court case can no longer consent to extending the time during which a postjudgment motion may remain pending, the juvenile court continues to have the ability to extend the time on its own motion or upon motion by a party for good cause. Rule 1(B)(1) continues to a have an outside time limit of 14 days for a postjudgment motion to remain pending. Providing for such time limits in termination-of-parental-rights cases serves to "expedite such juvenile court cases because of their nature and importance." Comment to Amendment to Rule 1 Effective October 1, 2011.

Here, the juvenile court entered a written order within the 14-day period in which the mother's postjudgment motion could remain pending, but the written order set the matter for a hearing and did not specifically provide that the juvenile court intended to extend the time which the postjudgment motion could remain pending. I agree with Judge Moore's

2210430, 2210431, and 2210432

rationale in K.R. v. W.L. that such orders should be liberally construed so that a written order scheduling a hearing within the additional 14-day period provided by Rule 1(B)(1) should be considered as extending the time in which the postjudgment motion can remain pending. Construing the order liberally also comports with the supreme court's 2020 amendment to Rule 59.1 eliminating the overly technical construction of Rule 59.1 by adding that a consent to a continuance of a hearing satisfies the requirement that the record show the parties' express consent to the extension of the time period during which a postjudgment motion can remain pending. Therefore, I dissent.

Moore, J., concurs.